Judge Mills
delivered the Opinion pf the Court.
This action is covenant, brought against the executrix and heirs of John Monroe, under the act of assembly, which allows them to *123 be joined in the same action, on a covenant of the testator, which does not expressly bind the. heirs.
Plene admin-istruvit pleaded by the executrix, and issue thereon.
The heirs plead that the executrix had sold all the land, for the payment of debts, by direction of the will, and so they had nothing by descent..
Replication, denying the plea of th.e-heirs.
The will, directing the sale of lands,, given in evidence; proof of sal<>, and of bonds for the purchase, money.
Instructions, that the bonds were assets in the hands of the executrix.
Spocial'ver-dict.
The executrix pleaded plene administrante which was traversed and issue taken thereon to the country.
The heirs, amongst other pleas, pleaded, that “the testator devised his estate to his executrix, to be sold for the payment of debts, and that in pursuance of said direction and devise, the executrix had sold all the real estate of the testator, which could or would have descended to the heirs of said testator, and so they say, that they have nothing by descent from the testator.”
To this plea, the plaintiff replied, that “the executrix had not sold all the real estate, which could or would have descended to said heirs or children.”
Oti the trial, the will of the teda*or was given in evidence, whereby he devised and directed, that so much of his lands should be sold, as would be sufficient to pay all his debts, and that the remainder of his estate, real and personal, of whatever nature or kind it might be, should go to his wile, (who was his executrix) so long as she remained a widow, to. he held by her for the decent support of herself, and the support and education of his children, and should she marry, then dower was to be assigned her.
It was, also, proved that the executrix, since- this suit was commenced, had sold of the real estate of the testator, to the amount of $4000 and upwards, and now held the bonds or notes for the payment, of the purchase money.
The court., on the application of the plaintiff below, instructed the jury, that these notes or bonds, were assets in the hands of the executrix, and that the jury must regard them as such, in trying the truth of the issue, joined on the plea of plena adminr. islravil.
The jury assessed the plaintiff’s damages to $375, and found that the executrix had not fully aclmin- *124 istered all the estate, that came to her hands to be ad ministered; but that she had then assets in her hands belonging'to the estate of her testator, to be administered, to the amount of $1,200.
Judgment,
A verdict descended8to the heirs, ■which the ex-ocutor sold, nnder the directions of so'the' heirs' had nothing by descent, to wjndg-**111 mentinbar. There can be against for assets guando acá-asrint.
And as to the heirs, they found that a large real estate descended to them upon the death of the ancestor, to the value of $10,000, but that the executrix had sold the whole of said estate as the heirs had pleaded, and that they then had nothing by descent.
The court on this verdict, rendered judgment against all the defendants for the plaintiff below, to be levied of the estate which were of the testator at the time of his death, and had come to the hands of said executrix to be administered, or of such estate as might thereafter come to the hands of the other defendants the heirs.
To reverse this judgment, this writ of error is prosecuted by the executrix and heirs.
There is no complaint of any error committed against the heirs, in the progress of the trial, or in the verdict. It is in the judgment alone that they allege they are injured.
Under what law, or according to what precedent, any judgment could be given against them we cannot ccmceive- The finding of the. jury verified their plea, and they were entitled to a judgment thereon, against the plaintiff below in bar, with their costs,
The court appears to have likened their case to executors or administrators, against whom a debt is found, and who have fully administered all that has come to their hands; in which case the judgment is rendered for assets in futuro; and that fora good reason: because the executor or administrator, may be long in collecting the assets and the credits. But no such reason applies to the case of heirs. They must take at once, on the death of their ancestor, or not at all, and there cannot be a supposed case of assets, descending to them from time to time, as this judgment supposes. Therefore the finding that the executrix, under the power given by the will, had *125 striped them of all estate descended, freed them, at once, from the demand of the plaintiff below.
A d defraud creditors would J'in^ the creditors thelleviseL*0
runas derived from the sale of lands by an executor, under the directi./ns of the will, are no! asm ts in his hands; "i and cannot be reached by proceedings at law.
Chancery has oxolusiveju-nsdiction in suoh oases-
A devise and dire8*ian in exccutor'to' sell the lands for the payment of debts, is not fraudulent within the meaning of tlie statute of frauds.
*125 This devise to the executrix, with power to sell for the payment of debts, was not, as we shall see presently, a fraudulent devise within the statute against fraudulent devises, and if it was, it was obligatory upon the heirs, and the fraudulent devisee, alone must be responsible.
Under the authority granted the executrix, she could, and did strip the heirs of all title to the real estate, and they could not prevent her doing so, and therefore they could not be liable to this demand against the testator, either at the rendition of the verdict, or in future, and the judgment against them was therefore wholly erroneous.
As to the executrix, this verdict cannot be permitted to stand. The instruction of the court to the jury as to her, assumed the law to be, that the executrix was chargeable with the price of the land sold by her under the will, as legal assets in a court of law; when the laws is, that this fund arising from the sale of lands, for' the payment of debts, was not assets, with which the testatrix could be charged in a court Qf law; nor was she bound there, under the plea of plene administravit, to show how she had disposed of them.
All such funds come within the exclusive grasp of a court of equity'.
Without this direction in the will, to sell for the payment of debts, the executrix could have had nothing to do with the lands or their value. By this power she was created a trustee of the real estate or its value, for the purpose of paying debts; and a court of equity takes hold of this trust as within its jurisdiction, and marshalls the assets, and sees justice done with equity in the distribution of the fund, and á court of law has no control over it.
Nor is such a devise or direction in a will, to sell for the payment of debts, fraudulent within the purview and meaning of the statute against fraudulent devises. This was long since settled under the Brit *126 ish statute, expressed in substance as ours, and its New-York, under the statute of that state precisely similar. See Benson vs. Leroy, 4 John. Chy. Rep. 651, and authorities there cited. It has never been held that a devise for the payment of debts, was a devise to defraud creditors, and cannot be so held, unless the devise was intended to hinder and delay creditors, instead of facilitating the recovery of their demands. The testator here, only anticipated the process of law, in disposing of his lands for the payment of debts, and allowed the executi’ix at once to sell them instead of the officer; and to say that a testator could not do so, and that he was bound by the statute to leave them to sale by judgment arid execution, is more than is required either by the statute against fraudulent devises, or the acts subjecting lands to the payment of debts, and would destroy all power in testators to give such directions, or make such devises, which was not contemplated.
1'u an action against an executor and heirs, as such respectively, neither can be charged as devisees.
In a joint action against an executor and heirs, they may sever in their pleadings, and there may be verdicts and j' udgmonts for or a-painst bo'h, or either, according to the evidence.
Besides, the plaintiff here does not go against either of the defendants as devisee, but as to one as executrix merely, and against the rest as heirs. He could not, therefore, charge the heirs as devisees, nor the executrix as a fraudulent devisee under the statute, when she was sued, and charged as executrix only, and the disposition of this trust fund, ought not to have been brought into question, but only such funds as could be held and administered by her as an ordinary executor.
The result of all in, that the verdict against the executrix is erroneous, because it was influenced by an unwarranted instruction of the court; but as to the heirs it is good, and the judgment thereon is erroneous.
The consequence is, that the executrix and heirs, must be separated at this stage of the cause, and the plaintiff below must drop the latter, and pay their costs, and proceed with the former. They have severed in their pleadings, and from the nature of the fund which each represents respectively, they must necessarily do so, and judgment must be rendered against each of a different character. As to *127 the executrix, the verdict must be set aside; as to the heirs, there is no reason for disturbing it.
Mandate.
,Monroe, for plaintiffs.
The judgment must, therefore, be reversed as to all with costs, and the cause remanded, that judgment be rendered for the heirs in bar, with their costs. As to the executrix the verdict must be set aside, and the cause be remanded for such proceedings, as to her, on the trial of the issues, as may not be inconsistent witii this opinion, and the law of the land.